IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LARA WORTMAN, | § § § | |
| Plaintiff | § § | |
| vs. | § § | NO. 1-12-CV-0037-SS |
| APL LOGISTICS WAREHOUSE MANAGEMENT SERVICES, INC., | § § § § | |
| Defendant. | § § | |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant APL Logistics Warehouse Management Service, Inc. ("APLL" or "Defendant"), and files this, its Original Answer to Plaintiff's Original Complaint ("Plaintiff's Complaint"), and in support thereof respectfully submits the following:

## ANSWER

Defendant responds to the allegations in Paragraphs 1 through 24 of Plaintiff's Complaint as follows:

1. Defendant admits that Plaintiff is a female citizen of the United States; however, Defendant is without sufficient information to admit or deny whether Plaintiff currently resides in Williamson County, Texas as alleged in Paragraph 1 of Plaintiff's Complaint, and therefore denies this allegation.

2. Defendant admits that APLL is a Florida corporation with its principal place of business in Arizona. Defendant further admits that APLL may be served through the registered agent for service of process set forth in Paragraph 2 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that this Court has subject matter jurisdiction of this case, as alleged in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits that venue is appropriate in this Court, as alleged in Paragraph 4 of Plaintiff's Complaint; however, Defendant denies that Defendant engaged in any unlawful activity in Williamson County, Texas, or any other location.

5. Defendant admits that Plaintiff was hired by Defendant in 2002 and that she was promoted to Director of Strategic Accounts within the Contract Logistics Services division in May 2009. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that, in her position of Director of Strategic Accounts, Plaintiff was assigned to manage one of APLL's largest client accounts in North America. Defendant states that the remaining allegations in Paragraph 6 of Plaintiff's Complaint are so vague that Defendant cannot articulate a response to the allegations therein; as such Defendant denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies these allegations.

8. Defendant admits that Plaintiff verbally notified her manager, Mark Hanson, at some time prior to July 14, 2011, that she would have to take time off from work for surgery and that she did not tell Hanson the nature of the surgery, as alleged in Paragraph 8 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that Plaintiff sent an email to Hanson and Daniel Montgomery on July 14, 2011 in which she mentioned that she would be undergoing a hysterectomy.

Defendant further admits that Hanson responded to this email and discussed certain difficulties that his wife had experienced when she underwent a hysterectomy. Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that Plaintiff never took FMLA leave and that she was terminated on August 9, 2011. Defendant denies the remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that Hanson told Plaintiff that she could no longer work on her primary client account, due to complaints about her from that client. Defendant also admits that Plaintiff was told that APLL would be hiring an Account Manager to manage that account, and that the new Account Manager would be located closer to Battle Creek, MI. Defendant further admits that Rich Torres explained to Plaintiff that she was being offered a severance package for a separation due to reorganization, as opposed to the less lucrative package for a performance-based separation. Finally Defendant admits that, in addition to his every day job duties, Hanson also assumed responsibility for Plaintiff's primary client in the interim between Plaintiff's separation and Defendant's hiring an Account Manager located closer to Battle Creek, MI. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 13 of Plaintiff's Complaint.

14. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint; therefore, those allegations are denied.

15. Defendant admits the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations as phrased in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies that Plaintiff is entitled to any of the relief requested in Subsections (A)-(G) of Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits that Plaintiff has demanded a jury, as set forth in Paragraph 24 of Plaintiff's Complaint.

## **GENERAL DENIAL**

To the extent not expressly admitted, Defendant generally denies each and every, all and singular, the material allegations contained in Plaintiff's Complaint, and requests that the Court require strict proof of all allegations made by Plaintiff not expressly admitted by Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

1. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant further pleads that Plaintiff's claims for damages are restricted and limited by all applicable damage caps under the law.

2. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show to the contrary, Defendant further pleads that Plaintiff must mitigate any and all alleged damages and that Defendant is entitled to an offset for any amount which was or could have been earned by Plaintiff.

3. Subject to and without waving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show to the contrary, Defendant would show that the only relevant actions it took with respect to Plaintiff in this case were not taken with either malice or reckless indifference to the protected rights of Plaintiff.

4. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show to the contrary, Defendant would show that its alleged conduct as it related to the terms and conditions of Plaintiff's employment was not in willful disregard of the law.

5. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden of proof on the matter, Defendant further pleads Plaintiff's claim for punitive damages is unconstitutional and/or unavailable.

6. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant further pleads that it has at all times made a good faith effort to comply with the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and all other equal opportunity obligations and requirements, and any action by a

**DEFENDANT'S ORIGINAL ANSWER – Page 5**

manager contrary to this effort is in violation of Defendant's policies and procedures.

7. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant further pleads that it exercised reasonable care to prevent and correct any alleged retaliatory action, and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

8. Subject to and without waiving the foregoing, and in the alternative if necessary, and upon information and belief, Defendant further pleads upon information and belief that Plaintiff's recovery of damages is limited by the after-acquired evidence doctrine.

9. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant had legitimate business reasons for the employment decisions it made with respect to Plaintiff.

10. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant would show that, to the extent that any alleged protected activity was a factor in the material employment decisions challenged by Plaintiff in Plaintiff's Complaint, Defendant would have taken the same actions without any consideration of Plaintiff's alleged protected activity.

11. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show to the contrary, Plaintiff was employed at–will by Defendant and was subject to termination of employment for any legitimate reason, or for no reason at all.

12. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to prove otherwise, Defendant states that Plaintiff is not entitled to recover punitive damages under any circumstances, and has failed to allege facts

sufficient to state a claim for punitive damages.  Moreover, the conduct complained of by Plaintiff, if performed or carried out at all, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of the law, and therefore, Plaintiff is not entitled to punitive damages.

13.     Defendant expressly reserves its right to include additional affirmative defenses as discovery proceeds in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, upon a final hearing of this matter, that the Court grant judgment on behalf of Defendant; that Plaintiff take nothing by the above-captioned action; that Defendant recover its reasonable attorneys' fees and costs of court, and that Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Dated March 22, 2012               Respectfully submitted,


/s/ Vicki L. Gillette
Vicki L. Gillette
Texas State Bar No. 08957325

LITTLER MENDELSON, P.C.
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Fax)
vgillette@littler.com

ATTORNEYS FOR DEFENDANT
APL LOGISTICS WAREHOUSE
MANAGEMENT SERVICES, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 22, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Amanda L. Reichek  
The Reichek Firm, PLLC  
7557 Rambler Road, Suite 950  
Dallas, TX  75231

                                            /s/ Vicki L. Gillette

Firmwide:104614926.3 009400.1171